IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

United States of America

        Plaintiff,

                                          Civil No. 13-01265-JDB-egb

v.

One Parcel of Real Property Located at
66 Branch Creek Drive, Jackson, Tennessee,
with All Appurtenances and Improvements
Thereon, *et al*

        Defendants.

## AMENDED REPORT AND RECOMMENDATION

Before the Court is the August 4, 2014 motion of the Plaintiff to strike the claims and answers of certain claimants ("Motion") (D.E. 124). The Motion has been referred to the United States Magistrate Judge for determination and/or report and recommendation (D.E. 125).

On April 15, 2014, the United States served upon counsel for the Safa Claimants[1] a subpoena for Mahmoud "Steve" Safa ("Safa") to testify at a deposition in the above-styled case on June 3, 2014 at 10:00 a.m. at the U.S. Attorney's Office in Jackson, Tennessee. Safa failed to appear on that date and time. On June 10, 2014, the United States filed a motion to compel discovery of Safa's deposition. On July 2, 2014, after receiving no response from any of the Safa Claimants, the Magistrate Judge entered an order granting the motion (D.E. 81).

By its terms, the order compelled the Safa Claimants to produce Safa for deposition at the U.S. Attorney's Office, 109 South Highland, Jackson, Tennessee "at the time to be established by the U.S. Attorney." On July 3, 2014, the government served counsel for all of the Safa Claimants

---

[1] Mahmoud "Steve" Safa; Law Road Realty, Inc.; Riverside Petroleum, Inc.;  Riverside Petroleum Lottery, Inc.; Safeco Energy, Inc.; Safeco Energy Lottery, Inc.; Safeco Petroleum, Inc.; Safeco Realty, Inc.; and, Safeco Transport, Inc..

with a second notice for Safa's deposition, this one to take place at the U.S. Attorney's Office in Jackson, Tennessee on July 23, 2014 at 10:00 a.m. Safa once again failed to appear for the scheduled deposition.

On August 27, 2014, the Magistrate Judge held a hearing on this matter. Safa failed to appear at this hearing but his attorney was present. She informed the Court that Safa was still out of the country attending to elderly parents. The Magistrate Judge ordered that Mr. Steve Safa appear on his own behalf in regard to the instant civil matter, within fourteen days. If Mr. Safa failed to appear, the Magistrate Judge warned that he would recommend that Plaintiff's Motion to Strike be granted.

A hearing was set for September 10, 2014, and in spite of being directed to appear at this hearing, Safa was not present. His attorney advised that she gave Mr. Safa written and verbal notice of the Order and the hearing.

Rule 37(b) of the Federal Rules of Civil Procedure provides that a court may sanction a party for failure to comply with a court order. Rule 37(d)(1)(A)(i) provides that a court may sanction a party if "a party or a party's officer, director, or managing agent" fails to attend its own deposition. Available sanctions for both instances are as set forth in Rule 37(b)(2), which include, "striking pleadings in whole or in part."

Courts have broad discretion in imposing Rule 37 sanctions. *United States v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997). However, "this discretion is not unbridled." *Wouters v. Martin County*, 9 F.3d 924, 933 (11th Cir. 1993). In particular, "[t]he decision to dismiss a claim or enter default judgment 'ought to be a last resort – ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for

those orders.'" *Certain Real Property* at 1317 (quoting *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986)).

In this case, Safa has twice failed to appear for scheduled depositions, the second time in the face of a compulsion order. He has further ignored the Court's Order to attend the September 10, 2014 hearing. At this point in the proceedings, his failure to cooperate and obey Court order can only be regarded as willful. Safa has been warned that failure to appear could result in the Court granting Plaintiff's Motion to Strike, which strike the claims and answers of the Safa Claimants.

Moreover, the Magistrate Judge recommends a finding that Safa's defiance of the Court's Orders should also be attributed to his related corporate claimants. He is not only the individual who verified each of the corporate claims, but also, as Plaintiff describes in the government's motion for summary judgment, he is an officer, director, and majority shareholder of each corporate entity. Therefore, the Magistrate Judge recommends that Plaintiff's Motion To Strike Claims and Answers (D.E. 124) be granted.

Finally, the Magistrate Judge notes that payment of Plaintiff's reasonable expenses is appropriate pursuant to Rule 37, and would recommend that Plaintiff submit same for the Magistrate Judge's review.

Respectfully submitted this 18th day of September, 2014.

<u>**s/Edward G. Bryant**</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**