IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. 13-1265

ONE PARCEL OF REAL PROPERTY
LOCATED AT 66 BRANCH CREEK DRIVE,
JACKSON, TENNESSEE with all Appurtenances
and Improvements Thereon, *et al.*,

    Defendants.

---

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND MOTION TO STRIKE CLAIMS OF SAFA CLAIMANTS,
REJECTING IN PART AND ADOPTING IN PART REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE, AND REFERRING TO THE MAGISTRATE JUDGE
PLAINTIFF'S REQUEST FOR AWARD OF ATTORNEY EXPENSES

---

*INTRODUCTION AND BACKGROUND*

On September 23, 2013, the Plaintiff, the United States of America, filed a verified complaint of forfeiture as to certain property, including real property, businesses and bank accounts, pursuant to 21 U.S.C. § 881(a)(6) and (7) and 18 U.S.C. § 981(a)(1)(A). On January 3, 2014, Mahmoud "Steve" Safa, on his own behalf as well as that of Law Road Realty, Inc.; Riverside Petroleum, Inc.; Riverside Petroleum Lottery, Inc.; Safeco Energy, Inc.; Safeco Energy Lottery, Inc.; Safeco Petroleum, Inc.; Safeco Realty, Inc. and Safeco Transport, Inc., filed claims to the property sought to be forfeited. Safa and the enumerated entities, of which it is undisputed that Safa is owner, director and/or majority shareholder, are collectively referred to herein as the "Safa Claimants," although Safa himself may individually be referred to herein as the "Claimant." Before the Court is the Government's motion for summary judgment on the Safa Claimants' claims (D.E. 86), to which

said claimants have responded (D.E. 144). Also before the Court is the Plaintiff's motion to strike claims and answers of the Safa Claimants. (D.E. 124.)

The latter motion was referred to the United States magistrate judge for determination and/or report and recommendation on August 5, 2014. (D.E. 125.) In a report and recommendation, amended on September 18, 2014, Magistrate Judge Edward G. Bryant recommended that the Government's motion to strike the claims and answers of the Safa Claimants be granted. (D.E. 148.) He also recommended that an award of Plaintiff's reasonable expenses in filing the motion to strike was appropriate pursuant to Rule 37 of the Federal Rules of Civil Procedure. (*Id.*) On October 1, 2014, the Safa Claimants filed objections to the report and recommendation (D.E. 149), to which the Government responded (D.E. 150).

*UNDISPUTED FACTS*

The following facts are undisputed for purposes of the instant motions. Safa was indicted by a federal grand jury in the Western District of Tennessee on June 24, 2013. The indictment charged him and eleven co-defendants with, among other things, conspiracy to distribute Schedule I controlled substances in violation of 21 U.S.C. § 846. The indictment contained criminal forfeiture allegations, which gave notice of the Government's intent to forfeit certain property, including that at issue in this matter. The indictment resulted in the issuance of a warrant for the arrest of Safa on July 15, 2013.

On April 15, 2014, the United States served Claimant with a notice of deposition, scheduled for June 3, 2014 at the United States Attorney's office in Jackson, Tennessee. He failed to appear and, through his counsel, advised the Government that there was no date upon which he could appear for deposition. As a consequence, the Plaintiff filed a motion to compel discovery, which

was granted on July 2, 2014 by Judge Bryant pursuant to an order of reference. The magistrate judge's order directed Claimant to appear for deposition at the United States Attorney's office "at the time to be established by the United States Attorney." (D.E. 81 at 2.) The Plaintiff served a second subpoena on July 3, 2014 for Safa's appearance at a deposition set for July 23, 2014. Safa's counsel advised the Government in an email dated July 22, 2014 that he intended to return to the United States within three to six months, depending on the state of his ill father's health. (D.E. 137-1 at 2.) Again, he failed to appear.

The Government also propounded written discovery requests to Claimant, including the following interrogatory:

> Be advised that on or about June 24, 2013, a warrant or process was issued for your apprehension by the United States District Court for the Western District of Tennessee in connection with the criminal case of *United States v. Mahmoud "Steve" Safa, et al.*, No. 1:13-cr-10056-JDB, and is currently in force. Having been so advised, state whether you became aware of the warrant or process via this interrogatory or at some earlier time, being specific about the date upon which you became aware of the warrant or process and by what means; whether, and on what date, you left the jurisdiction of the United States; whether you are still outside the jurisdiction of the United States, being specific as to your current location; whether you are declining to enter or re-enter the United States to submit to its jurisdiction; and whether you are currently confined or held in custody in another jurisdiction for commission of criminal conduct in that jurisdiction.

(D.E. 144-1 at 6-7.) Safa responded thusly:

> In February of 2013 I left the United States to return to Lebanon where I have children and sick, aged parents. I do not have a wife. In Lebanon I am completely responsible for my family and have been for some time. My father is in the hospital and I cannot return to the United States because of my responsibilities to my family. Because of the grave illness of my father and needs of my mother and children I cannot return to the United States at this time.

(*Id.* at 7.)

Judge Bryant set a hearing date of August 27, 2014 on the motion of Claimant BancorpSouth

3

Bank for expedited consideration of its request for interlocutory sale. (D.E. 141.) At the hearing, the magistrate judge also addressed Safa's failure to appear for deposition. (D.E. 142.) He ordered Safa to appear within fourteen days and, if he failed to do so, advised that "further steps will be taken to ensure his appearance in this matter." (*Id.*) Another hearing was set by the magistrate judge for September 10, 2014. (D.E. 143.) Once more, Safa was not present. (*See* D.E. 146.)

## *REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO STRIKE CLAIMS AND ANSWERS*

Standard of Review.

When objections are made to a magistrate judge's report and recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "[T]he filing of an objection does not oblige the district court to ignore the report and recommendation; it requires the court to give fresh consideration to the finding objected to insofar as the objection impugns the integrity of the finding." *Fharmacy Records v. Nassar*, 465 F. App'x 448, 456 (6th Cir.), *cert. denied*, 133 S. Ct. 545 (2012).

Objections and Analysis.

In their objection to the report and recommendation, the Safa Claimants challenged Judge Bryant's finding that Safa's actions warrant the imposition of sanctions.[1] Rule 37 permits the district

---

[1] The Safa Claimants also complained in their objections that the Government has been uncooperative in discovery. However, an objection to a magistrate judge's report and recommendation is not the appropriate method of bringing that issue to the Court's attention. If counsel believes the Plaintiff's responses to her discovery requests have been inadequate, she should file a motion to compel.

4

court to impose sanctions on a party who fails to obey a court order to provide discovery or to appear for his deposition. Fed. R. Civ. P. 37(b)(2)(A) & (d)(1)(A)(i). Sanctions may include "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii), *see also* Fed. R. Civ. P. 37(d)(3).

At the outset, the Safa Claimants insist that Safa did not violate a court order because the magistrate judge's August 27, 2014 directive was not an "order" for purposes of Rule 37(b), relying on Fed. R. Civ. P. 77(d)(1), which provides that "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b)." Even if that is true, however, Rule 37(d), which specifically addresses the failure to cooperate in discovery at issue here -- failure to attend one's own deposition -- does not require the failure to comply with a court directive in order for sanctions to be imposed. *See United States v. Reyes*, 307 F.3d 451, 457-58 (6th Cir. 2002). Moreover, a court has the inherent power to, among other things, "fashion an appropriate sanction for conduct which abuses the judicial process," including dismissal. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

In considering whether claims in a forfeiture action should be dismissed under Rule 37, the court is to consider certain factors including: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Reyes*, 307 F.3d at 458. While no one factor is dispositive, "dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.* "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Carpenter v. City of Flint*, 723 F.3d 700, 704-05

5

(6th Cir. 2013) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)) (internal quotation marks omitted).

The magistrate judge did not discuss these factors in his report and recommendation, finding only that Safa's noncompliance appeared to be willful. The factor that is of particular concern to the undersigned is the third - whether Safa was warned that his failure to cooperate could lead to dismissal. The magistrate judge's July 2, 2014 order contained no warning of the possible consequences of a failure to comply with its directive. Judge Bryant's oral admonition on August 27, 2014 that continued failures to appear would result in "further steps [being] taken to ensure his appearance in this matter" was vague and did not, in the undersigned's view, constitute an adequate warning that the Safa Claimant's claims could be dismissed. Moreover, it is unclear whether this warning was communicated to Safa. While the district court "has the power to dismiss a claim as the first and only sanction, . . . [the Sixth Circuit] has repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." *Kovacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 382 (6th Cir. 2011). As a consequence, the Court REJECTS the recommendation of the magistrate judge that the Government's motion to strike the claims and answers of the Safa Claimants should be granted. The motion is DENIED without prejudice.

The Safa Claimants did not, however, object to Judge Bryant's recommendation that appropriate expenses should be awarded to the Plaintiff pursuant to Rule 37. Accordingly, United States Attorney is DIRECTED to submit to the magistrate judge, within ten days of the entry of this order, an affidavit of costs incurred in connection with the motion to strike.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Summary Judgment Standard.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "There is no genuine issue of fact for trial when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Ronald A. Chisholm, Ltd. v. Am. Cold Storage, Inc.*, ___ F. App'x ___, 2014 WL 5786571, at *2 (6th Cir. Nov. 6, 2014) (per curiam) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)) (internal quotation marks omitted). The court must "ultimately decide whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)) (internal quotation marks omitted), *reh'g & reh'g en banc denied* (Dec. 19, 2013). "In doing so, the evidence is construed and all reasonable inferences are drawn in favor of the nonmoving party." *Id.* (quoting *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 332 (6th Cir. 2008)).

Contentions of the Parties and Analysis.

The Government seeks summary judgment as to the Safa Claimants' claims in this matter based on 28 U.S.C. § 2466, the fugitive disentitlement statute. The doctrine of disentitlement "is grounded on the impropriety of permitting a fugitive to pursue a claim in federal court where he might accrue a benefit, while at the same time avoiding an action of the same court that might sanction him." *United States v. Eng*, 951 F.2d 461, 465 (2d Cir. 1991), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820 (1996). "Such flaunting of the legal system disentitles that

defendant from calling upon the system's resources to determine his claims." *Id.* The statute provides:

> (a) A judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal forfeiture action upon a finding that such person –
>
> > (1) after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution –
> >
> > > (A) purposely leaves the jurisdiction of the United States;
> > >
> > > (B) declines to enter or reenter the United States to submit to its jurisdiction; or
> > >
> > > (C) otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; and
> >
> > (2) is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.

28 U.S.C. § 2466(a). The statute also applies to "a claim filed by a corporation if any majority shareholder, or individual filing the claim on behalf of the corporation is a person to whom subsection (a) applies." 28 U.S.C. § 2466(b).

> Courts have identified five prerequisites for disentitlement under § 2466:
>
> (1) a warrant or similar process must have been issued in a criminal case for the claimant's apprehension; (2) the claimant must have had notice or knowledge of the warrant; (3) the criminal case must be related to the forfeiture action; (4) the claimant must not be confined or otherwise held in custody in another jurisdiction; and (5) the claimant must have deliberately avoided prosecution by (A) purposefully leaving the United States, (B) declining to enter or reenter the United States, or (C) otherwise evading the jurisdiction of a court in the United States in which a criminal case is pending against the claimant.

*United States v. Salti*, 579 F.3d 656, 663 (6th Cir. 2009) (quoting *Collazos v. United States*, 368 F.3d 190, 198 (2d Cir. 2004)); *see also United States v. Bohn*, No. 02-20165 D/P, 2011 WL 4708799, at

*9 (W.D. Tenn. June 27, 2011) (report & recommendation).

The Safa Claimants take issue only with the fifth element, arguing that there is no evidence to support a finding that Safa has deliberately avoided prosecution. In a declaration dated August 6, 2014, Claimant stated that he is a citizen of the United States and has lived in this country for twenty-six years. He explained that he intended to return to the jurisdiction in order to pursue his position in this matter and face charges in the criminal case. At the time he left the United States to travel to Lebanon, there was no warrant for his arrest. Safa related that he is temporarily staying in Lebanon with his four minor children, ages fourteen, ten, eight and seven, who he cannot leave alone, and caring for his mother and father, who is in the hospital. Safa stated that he has not returned to the United States since 2013 "due to a family medical emergency involving the hospitalization of [his] father." (D.E. 144-4 at 3.) He advised that he could not expect to return for at least three to six months, depending on his father's progress.

With respect to the challenged prerequisite, the Government is required to establish that evasion of jurisdiction must have been "*in order* to avoid criminal prosecution." *Salti*, 579 F.3d at 664. "Mere notice or knowledge of an outstanding warrant, coupled with a refusal to enter the United States, does not satisfy the statute." *Bohn*, 2011 WL 4708799, at *9 (quoting *United States v. $6,976,934.65, Plus Interest Deposited into Royal Bank of Scotland Int'l, Account No. 2029-56141070*, 554 F.3d 123, 132 (D.C. Cir. 2009)). The claimant's intent is to be assessed in light of the totality of the circumstances. *Collazos*, 368 F.3d at 201. Even if a departure from the United States was motivated by reasons that did not encompass avoidance of criminal prosecution, a claimant may be barred from challenging forfeiture if he declines to reenter the country in order to avoid prosecution. *United States v. Technodyne LLC*, 753 F.3d 368, 383 (2d Cir. 2014). It is

incumbent upon the Government to prove that the claimant remained outside the jurisdiction "with the specific intent to avoid criminal prosecution." *Id.*

In support of its position that the fifth element has been satisfied, the Government points out that, while the original purpose of Claimant's departure from the United States may have been solely for family reasons, considering that he stands to lose the means by which to support that family by failing to defend himself raises the specter that the real reason for his non-return lies elsewhere. Plaintiff also cites to Safa's failures to appear before the magistrate judge and for deposition as evidence of his intention to avoid prosecution.

The Government refers the Court to two cases in which it was concluded that claimants had deliberately avoided prosecution based on failures to appear for deposition. The first is *Collazos* itself. Ms. Collazos was noticed for deposition by the United States and declined to appear. *Collazos*, 368 F.3d at 194. Correspondence between the parties "reveal[ed] that Ms. Collazos sought to avoid deposition in the United States lest she be arrested on the pending . . . criminal charge." *Id.* This fact was not challenged by the claimant. *Id.* Several months later, the court specifically directed that she appear for deposition or face entry of "an appropriate preclusion order." *Id.* Collazos did not appear as directed. *Id.* The court found based on these facts that she made a "conscious choice" not to reenter the United States to face the criminal charges against her. *Id.* at 201. The Second Circuit further observed that

> when persons, such as Ms. Collazos, refuse to enter the United States to face criminal charges, but simultaneously attempt to challenge related civil forfeitures by asserting innocent-owner defenses, the claimant's deliberate absence from the United States gives rise to a presumption that there is no merit to the innocent-ownership claim. Indeed, in many cases, certainly in Ms. Collazos's, the presumption is reinforced when the claimant's absence deprives the government of the opportunity to conduct a deposition, which itself supports an adverse inference as to the criminal source and use of the seized currency.

*Id.* at 203-04.

The second decision cited by the Plaintiff is *United States v. 939 Salem Street, Lynnfield, Massachusetts*, Civil Action No. 10-11845-RGS, 2011 WL 3652525 (D. Mass. Aug. 19, 2011). In that case, the government sought to strike the claim of Robert Eremian in certain real property under § 2466. *939 Salem Street*, 2011 WL 3652525, at *1. Eremain had lived in the Boston area for several years before relocating to Antigua in approximately 2003. *Id.* In 2010, he was indicted on racketeering, illegal gambling and money laundering charges. *Id.* The government also sought forfeiture. *Id.* Eremain retained an attorney in connection with the charges but did not return to the United States for his initial appearance. *Id.* At a hearing, his counsel advised the court that Eremain intended to appear personally to prosecute his claim. *Id.* at *3. An affidavit presented by the government indicated that, between 2003 and 2009, when a search warrant was executed at his Lynnfield, Massachusetts home, he had traveled to the United States at least sixty-eight times. *Id.* n.1. After the search and indictment, he never returned, not even to attend his mother's funeral in May of 2011. *Id.* In light of these facts, the court advised the government to give Eremain the opportunity to prosecute his claim by noticing him for deposition. *Id.* at *3. If he failed to appear without a sufficient excuse, the court indicated that it would be prepared to draw the same adverse inference drawn in *Collazos*. *Id.*

*Collazos* is distinguishable from the instant case in that Safa, unlike Collazos, has not acknowledged that his failure to appear for deposition was for the purpose of avoiding prosecution. Rather, like Eremain, he has advised the Court that he intends to return to the United States and pursue his claim. The Government has offered no evidence, beyond speculation, to the contrary. On the facts before it, the Court is unpersuaded that Plaintiff at this time has borne its burden of

demonstrating that Claimant failed to reenter the United States in order to avoid prosecution.

In view of Safa's continued stated intention to pursue his claim, the Court finds it appropriate under the totality of the circumstances to give him another opportunity to do so, as did the court in *939 Salem Street*. Claimant informed the Government as early as July 22, 2014 that he would be unable to return to the United States for at least three to six months depending on his father's condition. As the three-month mark has passed, the Government may again notice Safa's deposition. The Government must notice the deposition at least thirty days prior to the date set therefor in order to provide Claimant with an opportunity to make arrangements for travel and care of his family members. The deposition must take place on United States soil.[2] If Safa again attempts to excuse his appearance on the grounds of his father's hospitalization, he must promptly provide to the Government properly authenticated supporting documentation from his father's physician of said hospitalization. Should he fail to do so, this Court will be prepared to grant the relief sought by the Government. The motion for summary judgment is DENIED without prejudice.

*CONCLUSION*

In sum, and for the reasons articulated herein, the Plaintiff's motions for summary judgment (D.E. 86) and to strike the claims and answers of the Safa Claimants (D.E. 124) are DENIED without prejudice. The report and recommendation of the magistrate judge (D.E. 148) is REJECTED insofar as it recommended that the motion to strike claims and answers be granted and ADOPTED as to the award of attorney expenses. This matter is REFERRED to the magistrate judge for an order on the appropriate award of attorney expenses to the Government in connection with

---

[2]In the objection to the magistrate judge's report and recommendation, Safa's counsel argued in favor of allowing his deposition to be conducted over the internet, which the Government opposed. The request is denied.

its filing of the motion to strike the Safa Claimants' claims and answers. Any objections to the magistrate judge's order shall be made within fourteen days after service of the order, setting forth particularly those portions of the order objected to and the reasons for the objections. *See* Fed. R. Civ. P. 72.

　　IT IS SO ORDERED this 18th day of November 2014.

　　　　　　　　　　　　　　　s/ J. DANIEL BREEN
　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE