IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          No. 13-1265

ONE PARCEL OF REAL PROPERTY
LOCATED AT 66 BRANCH CREEK DRIVE,
JACKSON, TENNESSEE with all Appurtenances
and Improvements Thereon, *et al.*,

    Defendants.

---

ORDER GRANTING PLAINTIFF'S RENEWED MOTION TO STRIKE

---

On September 23, 2013, the Plaintiff, the United States of America, filed a verified complaint of forfeiture as to certain property, including real property, businesses and bank accounts, pursuant to 21 U.S.C. § 881(a)(6) and (7) and 18 U.S.C. § 981(a)(1)(A). On January 3, 2014, Mahmoud "Steve" Safa, on his own behalf as well as that of Law Road Realty, Inc.; Riverside Petroleum, Inc.; Riverside Petroleum Lottery, Inc.; Safeco Energy, Inc.; Safeco Energy Lottery, Inc.; Safeco Petroleum, Inc.; Safeco Realty, Inc. and Safeco Transport, Inc., filed claims to the property sought to be forfeited. Safa and the enumerated entities, of which it is undisputed that Safa is owner, director and/or majority shareholder, are collectively referred to herein as the "Safa Claimants" Before the Court is the Government's renewed motion to strike the claims and answers of the Safa Claimants. (D.E. 160.)

The following facts are undisputed for purposes of the instant motions. Safa was indicted by a federal grand jury in the Western District of Tennessee on June 24, 2013. The indictment charged him and eleven co-defendants with, among other things, conspiracy to distribute Schedule

I controlled substances in violation of 21 U.S.C. § 846. The indictment contained criminal forfeiture allegations, which gave notice of the Government's intent to forfeit certain property, including that at issue in this matter. The indictment resulted in the issuance of a warrant for the arrest of Safa on July 15, 2013.

On April 15, 2014, the United States served Safa with a notice of deposition, scheduled for June 3, 2014 at the United States Attorney's office in Jackson, Tennessee. He failed to appear and, through his counsel, advised the Government that there was no date upon which he could appear for deposition. As a consequence, the Plaintiff filed a motion to compel discovery, which was granted on July 2, 2014 by Magistrate Judge Edward G. Bryant pursuant to an order of reference. The magistrate judge's order directed Safa to appear for deposition at the United States Attorney's office "at the time to be established by the United States Attorney." (D.E. 81 at 2.) The Plaintiff served a second subpoena on July 3, 2014 for Safa's appearance at a deposition set for July 23, 2014. Safa's counsel advised the Government in an email dated July 22, 2014 that he intended to return to the United States within three to six months, depending on the state of his ill father's health. (D.E. 137-1 at 2.) Again, he failed to appear.

The Government also propounded written discovery requests to Safa, including the following interrogatory:

> Be advised that on or about June 24, 2013, a warrant or process was issued for your apprehension by the United States District Court for the Western District of Tennessee in connection with the criminal case of *United States v. Mahmoud "Steve" Safa, et al.*, No. 1:13-cr-10056-JDB, and is currently in force. Having been so advised, state whether you became aware of the warrant or process via this interrogatory or at some earlier time, being specific about the date upon which you became aware of the warrant or process and by what means; whether, and on what date, you left the jurisdiction of the United States; whether you are still outside the jurisdiction of the United States, being specific as to your current location; whether you are declining to enter or re-enter the United States to submit to its jurisdiction;

2

> and whether you are currently confined or held in custody in another jurisdiction for commission of criminal conduct in that jurisdiction.

(D.E. 144-1 at 6-7.) Safa responded thusly:

> In February of 2013 I left the United States to return to Lebanon where I have children and sick, aged parents. I do not have a wife. In Lebanon I am completely responsible for my family and have been for some time. My father is in the hospital and I cannot return to the United States because of my responsibilities to my family. Because of the grave illness of my father and needs of my mother and children I cannot return to the United States at this time.

(*Id.* at 7.)

Judge Bryant set a hearing date of August 27, 2014 on the motion of Claimant BancorpSouth Bank for expedited consideration of its request for interlocutory sale. (D.E. 141.) At the hearing, the magistrate judge also addressed Safa's failure to appear for deposition. (D.E. 142.) He ordered Safa to appear within fourteen days and, if he failed to do so, advised that "further steps will be taken to ensure his appearance in this matter." (*Id.*) Another hearing was set by the magistrate judge for September 10, 2014. (D.E. 143.) Once more, Safa was not present. (*See* D.E. 146.)

In a report and recommendation entered September 18, 2014, Judge Bryant recommended that the motion to strike be granted. (D.E. 148.) The Safa Claimants filed timely objections and, in an order entered November 18, 2014, this Court rejected the recommendation of the magistrate judge and denied the motion to strike without prejudice. (D.E. 151.)

As the Court noted in its November 18 order, Rule 37 permits the district court to impose sanctions on a party who fails to obey a court order to provide discovery or to appear for his deposition. Fed. R. Civ. P. 37(b)(2)(A) & (d)(1)(A)(i). Sanctions may include "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii), *see also* Fed. R. Civ. P. 37(d)(3). In considering whether claims in a forfeiture action should be dismissed under Rule 37, the court is to

consider certain factors including: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). While no one factor is dispositive, "dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.* "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Carpenter v. City of Flint*, 723 F.3d 700, 704-05 (6th Cir. 2013) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)) (internal quotation marks omitted). The Court found that

> [t]he magistrate judge did not discuss these factors in his report and recommendation, finding only that Safa's noncompliance appeared to be willful. The factor that is of particular concern to the undersigned is the third - whether Safa was warned that his failure to cooperate could lead to dismissal. The magistrate judge's July 2, 2014 order contained no warning of the possible consequences of a failure to comply with its directive. Judge Bryant's oral admonition on August 27, 2014 that continued failures to appear would result in "further steps [being] taken to ensure his appearance in this matter" was vague and did not, in the undersigned's view, constitute an adequate warning that the Safa Claimant's claims could be dismissed. Moreover, it is unclear whether this warning was communicated to Safa. While the district court "has the power to dismiss a claim as the first and only sanction, . . . [the Sixth Circuit] has repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." *Kovacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 382 (6th Cir. 2011).

(D.E. 151 at 6.) The Court further determined that

> [Safa] informed the Government as early as July 22, 2014 that he would be unable to return to the United States for at least three to six months depending on his father's condition. As the three-month mark has passed, the Government may again notice Safa's deposition. The Government must notice the deposition at least thirty days prior to the date set therefor in order to provide [Safa] with an opportunity to make arrangements for travel and care of his family members. The deposition must take place on United States soil. If Safa again attempts to excuse his appearance on the

4

grounds of his father's hospitalization, he must promptly provide to the Government properly authenticated supporting documentation from his father's physician of said hospitalization. Should he fail to do so, this Court will be prepared to grant the relief sought by the Government.

(*Id.* at 12 (internal footnote omitted).)

On December 12, 2014, Safa's attorney gave notice to the Court that he would be unavailable for deposition on December 19, 2014, a date proposed by the Government. (D.E. 152.) Counsel advised that Safa's father remained ill and must have the "permanent presence of a member of his family." (*Id.* at 1.) The filing included the reports to two physicians. The motion was granted (D.E. 156) and Safa was ordered to appear for deposition at the United States Attorney's office in Jackson on January 20, 2015 (D.E. 155). After he again failed to appear, the Government renewed its motion to strike the Safa Claimants' claims and answers. (D.E. 160.) Safa's attorney has made no response to the motion, and the time for such response has run.

At this point, the Court has little choice but to find for the Government. The December 12, 2014 filing offered no indication that Safa would ever attend a deposition in the United States. In addition, the physicians' reports sworn to or otherwise authenticated. This, coupled with his failure to appear and his lawyer's apparent lack of a defense thereof, even in the face of a clear warning by this Court of the dire consequences of such action, constitutes the contumacious conduct for which dismissal under Rule 37 is proper. The motion to strike the Safa Claimants' claims and answers is GRANTED.

IT IS SO ORDERED this 11th day of February 2015.

                                                          s/ J. DANIEL BREEN
                                                          CHIEF UNITED STATES DISTRICT JUDGE